**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kurt C. Eyman,** | ) | **CASE NO. 1:11 CV 1830** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **James Repicky, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon Defendants James Repicky, Thomas Brickman, James Savage, Ben Kreischer, and William Cervenik's Motion to Dismiss the Complaint or, in the Alternative, Motion for Summary Judgment (Doc. 6) and State Defendants' Motion to Dismiss (Doc. 8). This case arises out of activities within the Euclid Police Department. For the following reasons, the motions are granted.

**Facts**

Plaintiff, Kurt C. Eyman, filed this Complaint against defendants James Repicky, Dennis Sweet, Thomas Brickman, James Savage, Ben Kreischer, Darryl Johnson, Peter Tobin, Steven Schierholt, and William Cervenik. Defendants Repicky, Brickman, Savage,

1

Kreischer, and Cervenik are hereby referred to collectively as the Euclid Defendants. Defendants Sweet, Johnson, Tobin, and Schierholt are referred to collectively as the State Defendants. All defendants are sued in their individual and official capacities.

The Complaint alleges the following. Plaintiff is employed as a patrol officer for the Euclid Police Department, City of Euclid, Ohio. He also is the President of the Fraternal Order of Police, Lodge #18 ("FOP"), which is a party to a collective bargaining agreement (CBA) with the City of Euclid.

The Euclid Defendants also work for the City of Euclid. James Repicky was the Chief of Police at all relevant times. Thomas Brickman was a Captain at the Euclid Police Department. James Savage is a Captain at the Euclid Police Department. Ben Kreischer is a Detective at the Euclid Police Department. William Cervenik is the Mayor and Safety Director for the City of Euclid.

On January 7, 2010, another patrol officer informed plaintiff that he observed video/audio surveillance cameras being placed within the City of Euclid Police Department. Plaintiff learned that the cameras had been placed there by defendant Kreischer. Plaintiff informed defendant Repicky and an internal investigation ensued. In February 2010, plaintiff learned that Kreischer had named plaintiff as a suspect in the internal investigation. In March 2010, plaintiff was charged with intervening in the internal investigation in violation of Department Rules and Regulations. Plaintiff had a formal hearing before Repicky and Brickman. He was found guilty and a three day suspension was imposed. Plaintiff filed a grievance under the CBA challenging his discipline. Mayor Cervenik upheld Repicky's decision.

2

On February 2, 2011, an African-American officer was suspended for stealing cigarettes from a store.  This officer was given only a five day suspension for a criminal act, representing disparate treatment and punishment of plaintiff.

Although not alleged in the Complaint, defendants point out that the FOP, on behalf of plaintiff, filed an unfair labor practice charge against the City of Euclid with the State Employment Relations Board (SERB) on June 3, 2010.[1] (Doc. 6 Ex. A, SERB ALJ Order, No. 2010-ULP-06-0199 (Jan. 3, 2011)). On November 8, 2010, SERB held a hearing before an Administrative Law Judge concerning plaintiff's  allegations that his suspension was the result of unlawful discrimination based upon his union affiliation. The Administrative Law Judge found that plaintiff "produced no evidence to prove that the true motive behind [his] discipline was union animus."  By Order of June 16, 2011, SERB adopted the Administrative Law Judge's Proposed Order.

The Complaint further alleges the following.  State Defendants Sweet, Johnson, Tobin, and Schierholt are officers in the Ohio Bureau of Criminal Identification and Investigation (BCI&I).  Sweet provided the Euclid Police Department with the surveillance cameras.  On July 14, 2010, plaintiff contacted Tobin with information and a criminal

---

[1] The SERB orders are properly considered herein. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. This circuit has further held that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Gardner v. U.S.,* 2011 WL 4537751 (6th Cir. Sept. 30, 2011) (citing Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir.2001)) The SERB orders are matters of public record.  Additionally, they are attached to defendants' motion and are central to plaintiff's claim.

complaint against Sweet who had intercepted an internal affairs email and sent it to Chief Repicky to alert Repicky of his possible involvement in the clandestine surveillance and a potential criminal investigation against Repicky. Tobin refused to take action against Sweet. Johnson alerted Repicky of the potential investigation. Johnson was aware of the use of the cameras. Schierholt knew of Sweet's criminal and clandestine activities but refused to take any action to stop those activities or to intervene.

Plaintiff filed this Complaint on August 30, 2011, setting forth four claims. In general, plaintiff asserts that jurisdiction is premised on "28 § 1332," "Title 42, Section 1983," and "Title 18, U.S.C. 241, and 242." Each claim is asserted against all of the defendants. The claims are not labeled. Nor is it clear what claim for relief that plaintiff is asserting.

Count One alleges that all defendants have violated their sworn duty to uphold the Constitutions of the State of Ohio and the United States, and that their activities amount to a "violation of [plaintiff's] State (Ohio) Rights against Conspiracy, Clandestine Voice and Video Surveillance and Taping of Confidential Labor/Collective Bargaining Communications, Breach of Collective Bargaining Agreement provisions, Reverse Discrimination, Defamation, Public Humiliation, Denigration, Abuse of Process, and Malicious Prosecution." The acts resulted in a "violation of plaintiff's civil rights and due process protection, warranting appropriate criminal investigation and prosecution."

Count Two alleges that defendants' acts resulted in a "hostile and dangerous work environment for plaintiff and other members of the Euclid Police Department," and that the same violations as listed in Count One occurred.

Count Three alleges that the acts of defendants resulted in "false accusations of criminal conduct against plaintiff and in the imposition of suspension and discipline, as disparate and discriminatory treatment, and reverse discrimination."

Count Four alleges that the presence of the clandestine surveillance equipment resulted in an "unwarranted intrusion" which amounted to the "intentional interference with advantageous labor/business relations and intentional interference with economic advantage" given that plaintiff is also the President of the FOP.

This matter is now before the Court upon Defendants James Repicky, Thomas Brickman, James Savage, Ben Kreischer, and William Cervenik's Motion to Dismiss the Complaint or, in the Alternative, Motion for Summary Judgment and State Defendants' Motion to Dismiss.  The Court need not convert this matter to one for summary judgment given that the materials considered are properly before this Court on a motion to dismiss, as discussed above.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In*

5

*re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

**Discussion**

**(1) Euclid Defendants**

Defendants contend that the Complaint amounts to a "shotgun pleading" containing claims that are so vague and lacking in specificity as to make it impossible for defendants to reasonably frame a response.  Plaintiff also fails to connect his narrative of allegations to any of the causes of action that he identifies. Additionally, defendants point out that plaintiff fails to differentiate his list of allegations among the nine defendants.  Nor does the Complaint allege elements to support any of the claims.  Moreover, many of the "claims" are not recognized causes of action, such as public humiliation and denigration.  Defendants also raise challenges to subject matter jurisdiction and plaintiff's federal claims.  Finally,

6

defendants maintain that plaintiff's claims are barred as they have been previously litigated in the SERB matter, and that plaintiff lacks standing to allege a breach of the CBA.

Plaintiff filed a brief in opposition to the motion, but failed to address any of the arguments set forth by defendants.  Nor does plaintiff provide any specific reason as to why his Complaint should withstand dismissal.  Rather, he merely states in general that motions to dismiss are disfavored, that the motion is premature, and discovery should be permitted. Finally, plaintiff does assert that defendants' motion includes matters outside the operative facts of the Complaint.  As stated above, however, the SERB proceeding is properly before this Court.

For the following reasons, the Court agrees with the Euclid Defendants that the Complaint should be dismissed against them. Even construing the Complaint in the light most favorable to the plaintiff, it fails to state a claim.

First, the asserted bases of jurisdiction are faulty.

Plaintiff asserts that jurisdiction is premised on "28 § 1332." But, there is no diversity of citizenship in this case given that the plaintiff and all defendants are citizens of the state of Ohio and, therefore, 28 U.S.C. § 1332 provides no jurisdiction.

Plaintiff additionally asserts that his action is brought pursuant to 42 U.S.C. § 1983, but no particular constitutional violations are alleged.  Plaintiff refers to a violation of his "civil rights and due process protection."  Yet, the deprivation of a specific right is not alleged.  In fact, plaintiff alleges that the violation of these rights warrant criminal investigation and prosecution.  Of course, such a remedy is outside this Court's power as criminal prosecutions are brought by the State of Ohio or the United States government.

7

Plaintiff does allege reverse discrimination.[2] He does not reference Title VII. Employment discrimination claims may be brought by municipal employees under § 1983, but they are analyzed under the same standards as claims brought under Title VII. *Thompson v. City of Lansing,* 410 Fed.Appx. 922 (6th Cir. 2011). To the extent plaintiff can even bring this claim given that the suspension already went through the grievance process set forth by the CBA and was the subject of the SERB proceeding, plaintiff must show, *inter alia,* that he was treated less favorably than the African American employee who was "nearly identical" in all respects. *See Stein v. Kent State University,* 1999 WL 357752 (6th Cir. May 11, 1999) (citations omitted). The Complaint alleges that the African American police officer was given a five day suspension for a criminal act, while plaintiff received a three day suspension for a non-criminal act. On this basis, even the Complaint alleges that the two employees were not nearly identical in all respects.

The Complaint also states that jurisdiction is proper pursuant to 18 U.S.C. §§ 241 and 242. But, that is a criminal statute and the law is clear that it does not create a civil cause of action alone or based on a conspiracy claim, but only provides for criminal penalties. There is no private cause of action for alleged violations of the statute. *See Cortis v. City of Coleman*, 2011 WL 1518901 (E.D.Mich.2011) (citations omitted).

Second, plaintiff fails to connect his factual allegations to any of the claims that he

---

[2] Plaintiff also alleges "a hostile and dangerous work environment" and "needless harassment and endangerment in his employment." But, there is no allegation demonstrating that this claim is one for a hostile work environment based on a protected class as prohibited by the employment statutes. Unlike his reverse discrimination claim, plaintiff does not allege that he was "harassed" based on his race.

lists. Nor does he differentiate among any of the nine defendants, simply asserting that their combined acts or failures to act resulted in the injury to plaintiff. Assuming the Complaint is premised on § 1983, for example, plaintiff fails to put each defendant on notice of what constitutional claim may have been asserted against him.

Third, the underlying facts alleged in the Complaint are those which formed the basis of plaintiff's unfair labor practice charge before SERB. That matter was adjudicated and the Administrative Law Judge issued a final decision rejecting plaintiff's contentions. Defendants assert that plaintiff did not appeal that decision to the common pleas court. In opposition, plaintiff does not contest this assertion. Thus, plaintiff litigated the claims before SERB and is attempting to raise them again here despite not fully exhausting his state remedies. Plaintiff is barred from doing so. SERB "has exclusive jurisdiction to decide matters committed to it pursuant to the Code Chapter which regulates labor relations between public employees and employers." *Franklin County Law Enforcement Assoc. v. Fraternal Order of Police, Capital City Lodge No. 9,* 59 Ohio St.3d 167 (1991). *See also Zafirau v. Cleveland Municipal School Dist.,* 2011 WL 3715083 (6th Cir. Aug. 24, 2011) (internal quotations and citations omitted) ("SERB, not the courts, resolve unfair labor practice charges in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. § 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. § 4117.11. An appellant may only seek relief from the courts after he or she has exhausted the administrative remedy provided through SERB.") While plaintiff may not expressly state in his Complaint that he is alleging an unfair labor practice, his allegations are

the same as those asserted in the SERB charge.  The Court agrees with defendants that plaintiff is attempting to "repackage" the same allegations and present them as a claim (or claims) here.  Plaintiff may not do so.

Fourth, plaintiff alleges a breach of the CBA, that his suspension hearing violated the CBA, and that the suspension was upheld through the formal grievance procedure in contravention of the specific terms of the CBA.  Defendants point out that the CBA is between the FOP and the City of Euclid, neither of which are parties herein.  Clearly, plaintiff cannot sue for breach of the CBA without naming the parties thereto.  Additionally, defendants maintain that plaintiff, an individual employee is not a party to the CBA and lacks standing to assert a violation of its provisions.  This Court agrees.  *See Cotton v. Cleveland Mun. School Dist.,* 2009 WL 1652145 (6th Cir. June 11, 2009) (citations omitted) (A public employee union member is not a "party" to the CBA.)  *See also Gilbreath v. Clemens & Co.,* 211 Fed.Appx. 451 (6th Cir. 2007(citations omitted) ("The general rule in LMRA actions is that an individual employee has no standing to file an action against her employer without also filing suit against her union for breach of the CBA.").

Fifth, many of the "claims" are not recognized causes of action, such as public humiliation and denigration.  Nor does plaintiff state a claim for abuse of process or malicious prosecution given that he fails to allege, at a minimum, the improper use of a separate civil action, a required element of both torts.  *See Palivoda v. Felix,* 2011 WL 4790982 (Ohio App. 11th Dist. Oct. 7, 2011) (citations omitted).  Likewise, plaintiff fails to identify a false statement made by any defendant supporting his defamation claim.  *See Byrne v. University Hosps.*, 2011 WL 3630483 (Ohio App. 8th Dist. Aug. 18, 2011) (citations omitted) And, to the

extent the defamation claim arises out of the grievance procedure regarding plaintiff's suspension, statements made in that connection are privileged. *See Gintert v. WCI Steel, Inc.,* 2007 WL 4376178 (Ohio App. 11th Dist. Dec. 14, 2007) (citations omitted). Similarly, plaintiff does not identify the business relationship which was intentionally interfered with.

Finally, plaintiff alleges that plaintiff "and other members of the Euclid Police Department" suffered a hostile and dangerous work environment, and that he seeks a money judgment to compensate himself and "all ninety-five Members of the FOP represented by Plaintiff." Of course, plaintiff has not alleged that he has brought this matter as a class action. He cannot seek to recover on behalf of others.

For the foregoing reasons, the Euclid Defendants are entitled to dismissal of the Complaint.

**(2) State Defendants**

The State Defendants incorporate the arguments raised by the Euclid Defendants and raise some of their own. As with his other response, plaintiff's brief opposing the State Defendants' motion raises no specific arguments as to why the Complaint should not be dismissed.

The State Defendants are entitled to dismissal for all the reasons stated above. Additionally, plaintiff's § 1983 claims for monetary damages against the State Defendants in their official capacity are barred by Eleventh Amendment immunity. *Gallagher v. Lane,* 75 Fed.Appx. 440 (6th Cir. 2003) (citing *Wolfel v. Morris,* 972 F.2d 712 (6th Cir. 1992)). To the extent they were sued in their individual capacity, plaintiff fails to allege that these defendants were personally involved in any unconstitutional conduct. The factual allegations involving

these defendants are not linked to an alleged specific constitutional violation. Furthermore, any claims arising out of plaintiff's employment do not implicate these defendants as they did not employ him.

**Conclusion**

For the foregoing reasons, Defendants James Repicky, Thomas Brickman, James Savage, Ben Kreischer, and William Cervenik's Motion to Dismiss the Complaint or, in the Alternative, Motion for Summary Judgment and State Defendants' Motion to Dismiss are granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/21/11